IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ThorWorks Industries,                                  Case No. 3:08CV948

        Plaintiff

    v.                                                              ORDER

E.I. DuPont De Nemours and Co., & Equity Management Inc.,

        Defendant

       This is a case about alleged breach of contract and negligent misrepresentation. Plaintiff,

Thorworks Industries, Inc. [Thorworks] brings a negligent misrepresentation claim against defendant

Equity Management Inc. [EMI] arising out of a licensing agreement between E.I. DuPont De

Nemours & Co. [DuPont] and Thorworks. EMI, DuPont's licensing agent, introduced Thorworks

to DuPont as a potential licensee. Thorworks alleges that EMI negligently misrepresented the nature

and extent of services DuPont would provide to Thorworks. Jurisdiction exists under 28 U.S.C. §

1332.

       Pending is EMI's motion to dismiss Thorworks' claim against it on Fed. R. Civ. P. 12(b)(3)

improper venue and Rule 12(b)(6) failure to state a claim grounds. Alternatively, EMI requests that

1

I stay these proceedings pending resolution of a suit previously filed by DuPont against Thorworks in Delaware state court. [Doc. 6].

For the reasons that follow, I overrule EMI's motion to dismiss and motion to stay.

## Background Facts

On June 15, 2001, DuPont entered into a Representation Agreement with EMI in which EMI agreed to seek out potential licensees for Dupont. On May 17, 2004, DuPont and Thorworks entered into a licensing agreement [Governing Agreement] whereby DuPont permitted Thorworks to use the DuPont trademark on various products.

Thorworks and DuPont signed the Governing Agreement, which contained several references to EMI. The Governing Agreement identifies EMI as DuPont's "exclusive licensing agent . . . for certain matters regarding this Agreement." [Doc. 21, p.2]. The second paragraph of the Governing Agreement refers to Exhibit A of the Agreement, which provided for a four percent royalty payment from Thorworks to DuPont, and remittance of the payment to EMI. The third paragraph calls for Thorworks to send samples of its products sold under DuPont's name to EMI as well as DuPont. The seventh paragraph lists contact information for EMI. Paragraph eleven obligates Thorworks to indemnify, defend and hold harmless both DuPont and EMI with respect to third party claims arising out of the sale of DuPont branded products. The twelfth paragraph requires that Thorworks list DuPont and EMI as additional insureds on liability insurance policies covering third party claims arising out of Thorworks' sale of DuPont branded products.

After Thorworks and DuPont entered into the Agreement, an individual filed a personal-injury suit against DuPont in connection with a Thorworks product bearing DuPont's trademark. DuPont unsuccessfully sought indemnification from Thorworks based on the Governing Agreement.

On March 26, 2008, DuPont filed suit against Thorworks in Delaware state court, seeking $116,000 in damages.

On April 14, 2008, Thorworks filed this action against DuPont and EMI. It alleged that DuPont breached the Governing Agreement and that EMI negligently misrepresented the nature and extent of DuPont's services outlined in the agreement. It also sought a declaration that DuPont is not entitled to indemnification for the personal-injury action.

The Governing Agreement includes an integration clause: "This Agreement and its exhibits contain the entire contract and understanding between the parties regarding the subject matter herein. There are no representations or understandings, oral or written, express or implied, that are not merged herein." [Doc. 6, Exh. C, p. 11].

The Governing Agreement includes a forum selection clause: "any actions under this Agreement shall be brought only in the state or federal courts in the City of Wilmington, Delaware, United States of America. [Thorworks] hereby submits to the jurisdiction of such courts." [*Id.* at 8].

Defendant EMI claims that it is a third-party beneficiary of the Governing Agreement, and therefore, the Agreements' integration and forum selection clauses apply to this suit. According to EMI, the Agreement's integration clause precludes Thorworks' negligent misrepresentation claim and its forum selection clause requires that Thorworks bring this suit in Delaware, not Ohio. EMI seeks dismissal of Thorworks' claim against EMI on Rule 12(b)(6) failure to state a claim and 12(b)(3) improper venue grounds.

Thorworks contends that the Governing Agreement does not include EMI as a party or as a third-party beneficiary. EMI, therefore, cannot benefit from the integration and indemnification clauses, and I should overrule EMI's motion to dismiss.

3

**Standard of Review**

A defendant may move to dismiss for improper venue under Rule 12(b)(3). The plaintiff bears the burden of proving that venue is proper. In making Rule 12(b)(3) determinations, I "may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." I may dismiss or, in the interest of justice, transfer a case to "any district or division in which it could have been brought." 28 U.S.C. 1406(a). *Mansfield Properties, L.L.C. v. Medical Development Management, L.L.C.*, 2008 WL 4186928, at *5 (N.D. Ohio).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege in the complaint "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, U.S.*, ---U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). *Accord Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir.2008)*; United States, ex rel. Bledsoe v. Cmty. Health Systems, Inc.*, 501 F.3d 493, 502 (6th Cir.2007).

In making this determination, I must "construe the complaint in a light most favorable to plaintiffs" and "accept all well-pled factual allegations as true." *Bishop, supra*, 520 F.3d at 519. Accord *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir.2008). I also must "draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007). It is not my function, at this stage, to weigh evidence or evaluate credibility. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995)*; Stevenson v. Willis*, 2008 WL 4346512, at * 2 (N.D.Ohio).

**Discussion**

**1. Choice of Law as to EMI's Third Party Beneficiary Claim**

In diversity jurisdiction, a federal court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). I therefore apply

Ohio choice of law principles. In Ohio, however, if a party seeks to apply non-Ohio law, the party must show the existence of a genuine conflict between Ohio law and the law of the foreign jurisdiction. *See, e.g., Gouge v. BAX Global, Inc., 252 F. Supp. 2d 509, 521 (N.D. Ohio 2003)* ("[W]here the party seeking application of the law of a foreign jurisdiction fails to demonstrate a conflict between local law and the law of that jurisdiction, local law . . . governs."); *Wendy's Intern. Inc. v. Illinois Union Insur. Co., 2007 WL 710242* ,at *5 (S.D. Ohio).

EMI claims that Delaware law, not Ohio law, applies to its third-party beneficiary claim, based on the forum selection clause of the Governing Agreement. That clause provides that the Agreement "shall be governed by and construed in accordance with the laws of the State of Delaware." [Doc. 6., Exh. C., p.9]. Delaware law, however, does not differ from Ohio's law on third party beneficiaries.

In both states, only intended third party beneficiaries have rights under a contract to which they were not party. *See, e.g., Sagraves v. Lab One, Inc.*, 2008 WL 162931, at *4 -5 (6th Cir.); *Randleman v. Fidelity Nat. Title Ins. Co., 465 F. Supp. 2d 812, 818 (N.D. Ohio 2006)*; *Metcap Securities LLC v. Pearl Senior Care, 2007 WL 1498989*, at *7 (Del. Ch.). Only creditor or donee beneficiaries have rights under contracts as intended third party beneficiaries; incidental beneficiaries have no such rights. *Sagraves*, *supra*, 2008 WL 162931 at *4; *Metcap Securities, supra*, 2007 WL 1498989 at *7. To show intent, the party claiming intended third party beneficiary status must demonstrate that the contract's signatories entered into the agreement primarily to benefit the third party. *Id*.

5

Since Delaware law does not differ from Ohio law, I apply Ohio law in determining whether EMI constitutes a third party beneficiary with rights under the Governing Agreement between Dupont and Thorworks.

### 2. Whether EMI is an Intended Third Party Beneficiary?

In Ohio, only creditor or donee beneficiaries are intended third party beneficiaries with rights under a contract to which they are not party. *See, e.g., Sagraves, supra,* 2008 WL 162931 at *4 (6th Cir.)*; Svete v. Wunderlich,* 2008 WL 4425509, at *5 - 6 (S.D. Ohio) The parties who entered the contract must have entered into it directly or primarily for the benefit of the third party for that third party to be able to assert rights under the contract. *See, e.g., Randleman, supra,* 465 F. Supp. 2d at 818  ("For a third-party beneficiary to be an intended beneficiary, the contract must have been entered into directly or primarily for the benefit of that individual.").

A party is a creditor beneficiary "if the performance of the promise will satisfy an actual, supposed or asserted duty of the promisee to the beneficiary and is not intended as a gift." *Visintine & Co. v. New York, C & St. L.R. Co.,* 169 Ohio St. 505, 507 (1959). A party is a donee beneficiary if "performance of the promise is meant to bestow some gratuitous benefit rather than to satisfy a legal obligation." *Mark-It Place Foods, Inc. v. New Plan Excel Realty Trust,* 156 Ohio App. 3d 65, 81 (2004). A party can demonstrate requisite intent by showing that the contract's signatories entered the contract directly or primarily for the benefit of the third party. *Randleman, supra,* 465 F. Supp. 2d at 818.

In Ohio, rules of contract formation dictate that courts look to the plain language of the contract to determine contractual intent. *See, e.g., Graham v. Drydock Coal Co.,* 76 Ohio St.3d 311, 313 (1996) ("The intent of the parties is presumed to reside in the language they choose to use in

their agreement."); *Penn Traffic Co., v. AIU Ins. Co.*, 2001 WL 1085242, at *10 (Ohio App. 4 Dist.) ("[W]here the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties."). I must look to the plain language of the Governing Agreement to determine whether or not EMI has rights under the Agreement as an intended third party beneficiary.

The plain language of the Governing Agreement offers no support for Thorworks' contention that it constitutes an intended third party beneficiary under the Agreement. Neither Thorworks nor Dupont promised to perform the Agreement to satisfy a duty owed to EMI. *See, e.g., Visintine & Co., supra*, 169 Ohio St. at 507-08 (1959) (finding plaintiff a creditor beneficiary of contract between defendants and State of Ohio where contract provided for performance of obligations owed by State to plaintiff. The court noted that while the most frequent textbook examples of creditor beneficiary situations are "those where one person contracts to pay the debts of another," an obligee who is owed a duty of performance under a contract to which it is not a signatory is also a third party creditor beneficiary.)

Similarly, Thorworks' and DuPont's performance is not for the purpose of "bestowing a gratuitous benefit" on EMI. *See, e.g., Qualchoice Inc., v. Brotherhood Ins. Co.*, 2007 WL 152618, at *4 (Ohio App. 5 Dist.) (finding that Cunningham was a donee beneficiary under contract between a church and Brotherhood Insurance Co. where "the purpose of the . . . church in obtaining the promise by Brotherhood to pay insurance benefits" . . . [was] to "provide medical coverage for persons like Mr. Cunningham who [were] injured while on the [church's] property."). Finally, there is no evidence that Dupont and Thorworks entered the Governing Agreement directly or primarily for the benefit of Thorworks.

7

EMI contends that DuPont and Thorworks intended to benefit EMI by their Governing Agreement. It notes that the Agreement identifies EMI as DuPont's exclusive licensing agent. It also points to the Agreement's provisions that provide for indemnification for EMI, insurance coverage, and remittance of royalty payments to EMI.

The clauses that call for indemnification for EMI, insurance coverage, and receipt of samples, give EMI rights under those provisions. They do not, however, establish EMI as a creditor beneficiary or donee beneficiary of the Governing Agreement. Mere identification of EMI, or clauses that provide benefits to EMI do not indicate that the parties are performing the Agreement to fulfill an obligation to EMI or gratuitously benefit EMI. Nor do these clauses demonstrate that DuPont and Thorworks entered into the Governing Agreement directly and with the primary purpose of benefitting EMI.

EMI notes that the Governing Agreement calls for Thorworks to remit its royalty payments to EMI. EMI, however, never bases its third party beneficiary status on actually receiving payments under the Governing Agreement. If, under the Agreement, EMI directly received payment owed to it, EMI could arguably qualify as a creditor beneficiary under the Agreement.

EMI never argues that it obtains payment owed to it under the Agreement. It only states that Thorworks remits royalties owed to DuPont to EMI. While Thorworks describes another action in Delaware that indicates that EMI did receive royalties under the Governing Agreement between Thorworks and DuPont, EMI never makes this contention, and neither party filed the Representation Agreement between EMI and Dupont.[1]

---

[1]Both parties filed papers in which they disputed whether or not I should unseal the Representation Agreement between DuPont and EMI. On October 10, 2008, I granted plaintiff's motion to unseal the Agreement. However, neither party ever filed the Representation

EMI is not an intended third party beneficiary with rights under the Governing Agreement. It cannot assert rights under the forum selection or integration clauses of the Governing Agreement.

### 3. Application of the Forum Selection Clause to EMI

The Sixth Circuit has never explicitly held that non-parties who are not third party beneficiaries can assert rights under a contract. Other Circuits, however, have held that "third party beneficiary status is not required for someone to benefit from a forum selection clause" and that "to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *See, e.g., Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (*citing Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988).

The Sixth Circuit, in *Baker v LeBeouf*, 105 F.3d 1102, 1106 (6th Cir. 1997), acknowledged and distinguished this holding. It reviewed a decision of the Southern District of Ohio, which used the formulation to determine whether or not a non-party and non-third party beneficiary could enforce a forum selection clause. Defendant LeBouef, a New York City law firm, sought to enforce the forum selection clause of an agreement to which it was not a party, and not a third-party beneficiary. The district court concluded that LeBoeuf was not closely related enough to the party to the contract, Lloyd's. LeBoeuf was not a Lloyd's entity and no close connection existed between LeBoeuf and Lloyd's sufficient to allow LeBoeuf to enforce the forum selection clause. The Sixth Circuit agreed with the district court's conclusion. *See also Highway Commercial Servs, Inc. v. Zitis*, 2008 WL 1809117, at * 4-5 (S.D. Ohio).

---

Agreement. Since it was not filed I have not considered it, and plaintiff's argument regarding converting the motion to one for summary judgment is moot.

In the present case, EMI also is not closely related to either party to the Governing Agreement such that it could foreseeably enforce the forum selection clause. It is the licensing agent for DuPont, but it is a separate corporate and legal entity, and does not directly benefit from the agreement between DuPont and Thorworks. EMI cannot benefit from and enforce the forum selection clause.

I overrule EMI's motion to dismiss for failure to state a claim and to dismiss for improper venue. Since EMI is not an intended third party beneficiary of the Governing Agreement, it cannot benefit from the forum selection and integration clauses of the Governing Agreement. In addition, it is not sufficiently close to either signatory that it could foreseeably benefit from the forum selection clause.

### 4. EMI's Motion to Stay

EMI alternatively moves to stay this action until the conclusion of the Delaware state action in which DuPont seeks indemnification payment from Thorworks. Thorworks filed this action against DuPont and EMI after DuPont filed its action against Thorworks in Delaware state court. According to EMI, Thorworks filed this suit against DuPont and EMI to obtain the court's declaration that DuPont is not entitled to indemnification under the Governing Agreement because it failed to timely notify Thorworks of the personal injury suit. To avoid inconsistent rulings and wasting judicial resources, EMI argues that I should stay this suit.

Thorworks responds that I should not stay this action because its claim against EMI for negligent misrepresentation is not at issue in the Delaware action.

I have the authority to stay proceedings "pending the resolution of the same or related issues in another forum." *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998). In this case, the

Delaware action does not raise or address Thorworks' claim of negligent misrepresentation against EMI. There exists no danger of inconsistent rulings or wasting judicial resources. I therefore overrule EMI's motion to stay these proceedings.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT defendants' motion to dismiss or in the alternative to stay [Doc. 21] be, and the same hereby is overruled.  A scheduling conference is set for December 2, 2008 at 9:00 a.m.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge